**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLNOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ANNA ABRAHAM, MARK ANDERSON, RONALD DRAKE, LUTYSHIA EMERSON, LAVERNE GALLANT, EDGELL JUSTIN, and CYNTHIA OLIVER, individually and on behalf of other similar situated individuals, | ) ) ) ) ) | No. _____ |
| | ) | |
| Plaintiffs, | ) ) | CASE BELOW: Circuit Court of Cook County |
| vs. | ) ) | County Department, Chancery Division Illinois |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | ) ) ) | Case No. 2019CH03821 |
| | ) | |
| Defendant. | ) | |

<u>**NOTICE OF REMOVAL**</u>

Pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d), 1453, and pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant State Farm Mutual Automobile Insurance Company ("State Farm") hereby provides notice of removal of this action from the Circuit Court of Cook County, Illinois, County Department, Chancery Division, to the United States District Court for the Northern District of Illinois, Eastern Division. In support of this Notice of Removal, State Farm states as follows:

**I.      INTRODUCTION.**

1.      Plaintiffs bring a proposed class action Complaint alleging violations of Personal Injury Protection ("PIP") statutes in Delaware, Florida, Hawaii, Kansas, Kentucky, Massachusetts, Michigan, Minnesota, New York, North Dakota, Oregon, Pennsylvania, Texas, and Utah. In sum, Plaintiffs claim that when State Farm allegedly sends letters to insureds seeking medical expense-related PIP benefits stating that it is investigating those claims, it violates those PIP statutes and diminishes the value of the insurance policies they purchased. State Farm denies Plaintiffs'

allegations and Plaintiffs' suit is subject to dismissal on several grounds. Nevertheless, assuming Plaintiffs' allegations are true for the purposes of determining jurisdiction, this suit is properly removed to this Court under CAFA, as State Farm has satisfied all of its substantive and procedural requirements. This asserted class action meets the diversity, putative class size, and amount in controversy requirements. For example, State Farm has collected billions of dollars in PIP premiums over the last 3 years, so if the PIP coverage were diminished by the slightest fraction, more than $5,000,000 would be at issue. State Farm therefore exercises its right to remove this case to federal court.

## II.    BACKGROUND.

2.      On March 25, 2019, Plaintiffs Anna Abraham, Mark Anderson, Ronald Drake, Lutyshia Emerson, Laverne Gallant, Justin Edgell, and Cynthia Oliver filed their Class Action Complaint against State Farm in the Chancery Division, County Department, of the Circuit Court of Cook County, Illinois, Case No. 2019 CH 03821.

3.      Plaintiffs allege that venue is appropriate in the Circuit Court of Cook County, Illinois, County Department, Chancery Division because State Farm is a resident of Cook County. (Compl. ¶ 10.) However, State Farm's corporate headquarters is in Bloomington, Illinois, in McLean County. It is therefore unclear why Plaintiffs chose Cook County as the venue to litigate this claim, especially when (as discussed below) Plaintiffs themselves are not Cook County residents, much less Illinois residents, and already have similar litigation pending in Michigan.

4.      Plaintiffs served State Farm on April 4, 2019. State Farm attaches the complete State Court Record, including the Complaint and affidavit of service, as Exhibit 1.

5.      In this action, Plaintiffs contend that State Farm violated the PIP statutes in Delaware, Florida, Hawaii, Kansas, Kentucky, Massachusetts, Michigan, Minnesota, New York, North Dakota, Oregon, Pennsylvania, Texas, and Utah, by insufficiently responding to claims for

medical expense-related PIP benefits under automobile insurance policies. (Compl. ¶¶ 1-2.) Plaintiffs take issue, in particular, with a letter State Farm sends at times informing the insureds that their claim is under investigation. (Compl. ¶¶ 2, 24-25.) Plaintiffs contend that State Farm's use of the letter subjects claimants to unreasonable delay and diminishes the value of their policies. (*Id*. at ¶¶ 26-30; 32, 34.)

6. Plaintiffs' attacks on State Farm's PIP practices are already subject to pending litigation in state court in Michigan:

- Plaintiff Abraham filed suit in the Circuit Court for the County of Wayne, State of Michigan, on February 27, 2019. *Abraham v. Linderman, et al.*, No. 19-002789-NI (Mich. Cir. Ct. Feb. 27, 2019) (attached as Exhibit 2).

- Plaintiff Emerson filed suit in the Circuit Court for the County of Wayne, State of Michigan, on November 29, 2018. *Emerson v. Rahimee, et al.*, No. 18-015188-NI (Mich. Cir. Ct. Nov. 29, 2018) (attached as Exhibit 3).

- Plaintiff Edgell filed suit in the Circuit Court for the County of Wayne, State of Michigan, on August 20, 2018. *Edgell v. Clark*, et al., No. 18-010264-NI (Mich. Cir. Ct. Aug. 20, 2018) (attached as Exhibit 4).

- Plaintiff Oliver filed suit in the Circuit Court for the County of Oakland, State of Michigan, on November 26, 2018. *Oliver v. Gold, et al.,* No. 2018-170104-NI (Mich. Cir. Ct. Nov. 26, 2018) (attached as Exhibit 5).

In those actions, Abraham, Emerson, Edgell, and Oliver assert a claim for unpaid PIP benefits and assert that State Farm did not pay the claim within the statutory 30-day time period set forth under Michigan's No-Fault Act, MCL 500.3101 et seq. (Abraham Compl. ¶¶ 18-27; Emerson Compl.

¶¶ 32-41; Edgell Compl. ¶¶ 12-21; Oliver Compl. ¶¶ 27-36.)  The amount in controversy in each of these cases involves tens of thousands of dollars.

7.      Plaintiffs Anderson, Gallant, and Drake are the named insureds under the policies that Abraham, Emerson, and Edgell respectively demand payment in their Michigan lawsuits.

8.      Plaintiffs Abraham, Emerson, Edgell, and Oliver bring this action on behalf of themselves and as representatives of all PIP claimants in Delaware, Florida, Hawaii, Kansas, Kentucky, Massachusetts, Michigan, Minnesota, New York, North Dakota, Oregon, Pennsylvania, Texas, and Utah who, since March 25, 2016, submitted to State Farm a claim for medical expense-related PIP benefits, and State Farm responded with the letter challenged in this suit ("Proposed Class A").  Plaintiffs Anderson, Gallant, and Oliver bring this action on behalf of themselves and as representatives of all of State Farm's current auto insurance policyholders in Delaware, Florida, Hawaii, Kansas, Kentucky, Massachusetts, Michigan, Minnesota, New York, North Dakota, Oregon, Pennsylvania, Texas, and Utah ("Proposed Class B").  (Compl. ¶ 33.)

9.      Plaintiffs seek a judgment certifying the proposed classes and appointing class counsel; declaring the parties' rights, duties, status, or other legal relations; entering the judicial declarations sought by the Complaint, or, in the alternative, entering a permanent injunction enjoining State Farm from engaging in the challenged practice; and awarding attorney's fees, costs, and any other relief that the court deems just and appropriate.  (Compl. at pp. 18-19.)

10.     State Farm disputes Plaintiffs' allegations and anticipates filing a motion to dismiss Plaintiffs' Complaint.  It is apparent from the face of the complaint that Plaintiffs' suit is subject to dismissal on various grounds.[1]  In addition, Plaintiffs' pending and ongoing individual suits on

---

[1]  Among other reasons, Plaintiffs' suit is subject to dismissal for being too vague and loosely framed to sufficiently state a claim for relief.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  That this matter seeks a declaratory

the same claims and allegations in Michigan show the imprudence of this current putative class action for declaratory relief.[2]

11.     Nevertheless, for the limited purpose of assessing whether this suit meets the requirements for removal, Plaintiff's allegations are accepted as true.  *See St. Paul Mercury Indem. Co. v. Red Cab Co*., 303 U.S. 283, 289 (1938) (neither the inability of plaintiff to recover an amount adequate to give the court jurisdiction, nor the fact that the complaint discloses the existence of a valid defense, oust federal jurisdiction); *Andrews v. E.I. Du Pont De Nemours & Co*., 447 F.3d 510, 514-15 (7th Cir. 2006) (courts typically rely on the damages alleged in the complaint to determine whether the amount in controversy is satisfied for removal); *Sabrina Roppo v. Travelers Commercial Ins. Co*., 869 F.3d 568, 580 n.26 (7th Cir. 2017) (defendant may rely on estimate of the potential damages from the allegations in the complaint) (quoting *McPhail v. Deere & Co*., 529 F.3d 947, 955 (10th Cir. 2008)).

12.     As set forth more fully below, this case is properly removed to this Court under CAFA and pursuant to 28 U.S.C. §§ 1441, 1446, and 1453.  State Farm has satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d).[3]

---

judgment or, in the alternative, injunctive relief does not lessen the Plaintiffs' burden to plead more than a theoretical dispute.  *See Cornucopia Inst. v. U.S. Dep't of Agric*., 560 F.3d 673, 676 (7th Cir. 2009); *see also Edgewood Manor Apartment Homes, LLC v. RSUI Indem. Co*., 733 F.3d 761, 771 (7th Cir. 2013).

[2] *See, e.g*., *Envision Healthcare, Inc. v. PreferredOne Ins. Co*., 604 F.3d 983, 986 (7th Cir. 2010) (discussion of a district court's discretion to dismiss or stay claims in favor of ongoing state court litigation).

[3] State Farm does not waive any argument that this matter is improper for class certification by arguing that this matter is nevertheless removable under 28 U.S.C. § 1332.  *See Cunningham Charter Corp. v. Learjet, Inc*., 592 F.3d 805, 806–07 (7th Cir. 2010) (federal jurisdiction under CAFA does not depend on certification); *Greenberger v. GEICO Gen. Ins. Co*., 631 F.3d 392, 396 (7th Cir. 2011) (district court's later denial of class certification does not oust the court's subject-

### III. STATE FARM HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

13.     State Farm's removal of this action to this Court is timely.  Plaintiffs served their Complaint and summons on State Farm on April 4, 2019.  This Notice of Removal has been filed within 30 days of the Complaint being served on State Farm.  28 U.S.C. § 1446(b)(1).

14.     Venue is proper in this Court because the Circuit Court of Cook County, Illinois, County Department, Chancery Division is located in the Northern District of Illinois, Eastern Division.  *See* 28 U.S.C. § 1441(a) (a state-filed action subject to federal jurisdiction may be removed "to the district court ... for the district and division embracing the place where such action is pending").

15.     As required under 28 U.S.C. § 1446(a), State Farm has attached copies of all process, pleadings, and orders served upon State Farm with respect to this action.  (*See* Exhibit 1.)

16.     As required under 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Plaintiffs' counsel, and a copy is being filed with the Clerk of the Circuit Court of Cook County, Illinois, County Department, Chancery Division.

### IV. THIS COURT HAS SUBJECT MATTER JURISDICTION OVER THIS ACTION UNDER CAFA.

17.     Under CAFA, this Court has diversity jurisdiction over any asserted class action[4] that: (1) includes at least one class member whose citizenship is diverse from that of the defendant; (2) would have at least 100 putative class members; and (3) involves an aggregate amount in

---

matter jurisdiction based on CAFA) (citing *Cunningham Charter Corp.*, 592 F.3d at 806). Consequently, State Farm expressly reserves all arguments against class certification.

[4] A "class action" includes any civil action filed under Federal Rule of Civil Procedure 23 or "similar State statute or rule of judicial procedure."  28 U.S.C. § 1332(d)(1)(B).  Plaintiffs asserted their class allegations pursuant to Illinois' similar class action rule.  *See* Compl. ¶¶ 33-34 (seeking certification of the class pursuant to 735 ILCS 5/2-801).

controversy of $5,000,000 or more. *See* 28 U.S.C. § 1332(d)(2), (d)(5)-(6). Each requirement is satisfied here.

> **A.    The Minimal Diversity Requirement Is Satisfied.**

18.    CAFA's minimal diversity requirement is satisfied. Plaintiffs allege that State Farm is a citizen of the State of Illinois. (Compl. ¶ 9; *see also* 28 U.S.C. § 1332(c)(1).). State Farm is a mutual insurance company organized under the laws of the State of Illinois and maintains its principal place of business in this State. (*See* Declaration of Michael Roper, attached as Exhibit 6, ¶¶ 3-6.)

19.    Plaintiffs allege that Plaintiffs Anderson, Gallant, and Oliver are residents of the State of Michigan (Compl. ¶ 3), and do not allege any intent to discontinue their respective residences in Michigan. State Farm accordingly alleges that Plaintiffs Anderson, Gallant, and Oliver are citizens of Michigan.

20.    Plaintiffs do not allege the residences of Plaintiffs Abraham, Emerson, and Edgell in the Complaint, but allege that they are PIP claimants. (*Id*. at ¶ 4.) However, in their Michigan lawsuits, these Plaintiffs each allege that they are residents of the State of Michigan and do not allege any intent to discontinue their respective residences in Michigan. State Farm accordingly alleges that Plaintiffs Abraham, Emerson, and Justin are citizens of Michigan.

21.    Moreover, Plaintiffs seek to represent classes comprised of PIP claimants and policyholders, respectively, who are citizens of Delaware, Florida, Hawaii, Kansas, Kentucky, Massachusetts, Michigan, Minnesota, New York, North Dakota, Oregon, Pennsylvania, Texas, and Utah. (*See* Compl. ¶ 33.)

22.    Because Plaintiffs and the alleged putative class members generally are citizens of states other than Illinois, the minimal diversity requirement of 28 U.S.C. § 1332(d)(2)(A) is readily satisfied.[5]

**B.    CAFA's Asserted Class Size Requirement Is Satisfied.**

23.    Far more than 100 individuals would fall within the scope of Plaintiff's proposed classes, which are defined to include:

> [A]ll Personal Injury Protection claimants in Delaware, Florida, Hawaii, Kansas, Kentucky, Massachusetts, Michigan, Minnesota, New York, North Dakota, Oregon, Pennsylvania, Texas, and Utah who, at any time since March 25, 2016, submitted to State Farm a claim for medical-expense-related Personal Injury Protection benefits where (i) State Farm responded to the claim submission by stating, in substance, that it was investigating or would investigate the claim; (ii) State Farm's response offered no explanation for its failure to complete such investigation within the applicable statutory 30-day deadline; and (iii) State Farm neither paid all or any part of the claim submission within 30 days of receipt, nor communicated in writing, within 30 days of receipt, any basis for withholding payment beyond its assertion that it was investigating or would investigate the claim ("Proposed Class A")

and

> [A]ll of State Farm's current auto insurance policyholders in Delaware, Florida, Hawaii, Kansas, Kentucky, Massachusetts, Michigan, Minnesota, New York, North Dakota, Oregon, Pennsylvania, Texas, and Utah ("Proposed Class B").

(Compl. ¶ 33.)

24.    Plaintiff affirmatively asserts in the Complaint that "[b]oth proposed classes are so numerous that the individual joinder of all absent class members is impracticable" and that they

---

[5]    Plaintiffs make no factual allegations in the Complaint regarding Plaintiff Drake, including regarding citizenship.  Therefore, Plaintiff Drake's claims are properly dismissed from this action for the failure to state any cognizable claim, as will be shown by an appropriate motion. Fed. R. Civ. P. 8(a)(2) (complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief"); *see also Iqbal*, 556 U.S. at 678 (complaint must contain sufficient factual material to state a claim that is plausible on its face) (quoting *Twombly*, 550 U.S. at 570).

"are informed and believe that each of the two proposed classes includes over 10,000 members." (Compl. ¶ 34.)

25.     Plaintiffs further define Proposed Class A as encompassing PIP claimants who submitted to State Farm a claim for medical expense-related PIP benefits from March 25, 2016. (Compl. at ¶ 33.)  Proposed Class B encompasses all current auto insurance policy holders in PIP states.  (*Id*.)  State Farm has approximately over ten million policies in force in those states.  The alleged class therefore satisfies the 100-member minimum class size requirement under CAFA.

**C.     The Asserted Class Claims Place More Than $5,000,000 In Controversy.**

26.     State Farm alleges that the proposed class claims asserted in Plaintiffs' Complaint raise a matter in controversy that "exceeds the sum or value of $5,000,000, exclusive of interest and costs."  *See* 28 U.S.C. § 1332(d)(6).

27.     Plaintiffs' Complaint purports to seek a declaratory judgment, or, in the alternative, permanent injunctive relief, as well as attorney's fees, costs and other relief deemed appropriate. (*See* Compl. at pp. 18-19.).   "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977), *superseded by statute on other grounds as stated in United Food & Commer. Workers Union Local 751 v. Brown Group*, 517 U.S. 544 (1996).; *accord McCarty v. Amoco Pipeline Co*., 595 F.2d 389, 393 (7th Cir. 1979) ("the test for determining the amount in controversy is the pecuniary result to either party which the judgment would directly produce").  *See also Keeling v. Esurance Ins. Co*., 660 F.3d 273, 274 (7th Cir. 2011) (where policyholders contended insurance fraud, value of injunctive relief to change policy terms to pay more claims was reasonably estimated at $2 million, and it was not legally impossible for policyholders to obtain $3 million in punitive damages); *id*. at 275 ("We do not mean that the terms of Esurance's policy *are* fraudulent; that remains to be determined.  But

to determine the amount in controversy between the parties we must accept the class's characterization.")

28.     The value of the object of the litigation is illustrated by Plaintiffs' Michigan lawsuits where they are seeking tens of thousands of dollars in each of these individual cases and are attempting to extrapolate those claims to the alleged classes here each with more than 10,000 class members.  (*See* Proposed Class A, alleging that State Farm deprives PIP claimants of, among other things, the ability to contest State Farm's alleged withholding of payment of those claims. Compl. at ¶¶ 30, 34.)  If one were to assume for the purposes of estimating the amount in controversy that Plaintiffs' claims are typical of the class, more than $100 million would be at issue ($10,000 x 10,000 alleged class members).  For context, from 2016 through 2018, State Farm has paid out more than $4 billion in claims under PIP policies and has processed more than a million PIP claims.[6]

29.     Further, Plaintiffs claim that the value of the PIP policies they and members of the class purchased have diminished in value as a result of State Farm's alleged claim procedures. (*See* Proposed Class B, alleging that State Farm's alleged practice "unilaterally diminished the value of the[ir] auto policies (and, more particularly, the [PIP] coverage)." Compl. at ¶¶ 32, 34.) State Farm has collected more than $6 billion in premiums under PIP policies from 2016 through 2018.  Even if 0.1% of those premiums represented the amount Plaintiffs claim the policies were diminished, more than $6,000,000 would be in controversy.

---

[6] Nor need the Court assume that the Plaintiffs' claims are typical of the class for it to be apparent that the amount in controversy easily meets the $5 million threshold here.  Even if only 5% of the alleged class members had claims in the $10,000 range, the $5,000,000 threshold would be satisfied.  (5% of 10,000 = 500 x $10,000 = $5,000,000.)

30.     A notice of removal, like a complaint, need only contain "a short and plain statement of the grounds for removal." 28 U.S.C. § 1446. As the Supreme Court has explained, "Congress, by borrowing the familiar 'short and plain statement' standard from Rule 8(a), intended to 'simplify the 'pleading' requirements for removal' and to clarify that courts should 'apply the same liberal rules [to removal allegations] that are applied to other matters of pleading." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014) (quoting H.R. Rep. No. 100–889, p. 71 (1988)). In keeping with this approach, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 554.

31.     A defendant need not, but may, satisfy its burden on removal through the use of supplemental evidence, such as affidavits. *See Frederick v. Hartford Underwriters Ins. Co.*, 683 F.3d 1242, 1247 (10th Cir. 2012) (proof may be made "by contentions, interrogatories or admissions in state court; by calculation from the complaint's allegations[;] by reference to the plaintiff's informal estimates or settlement demands[;] or by introducing evidence, in the form of affidavits from the defendant's employees or experts, about how much it would cost to satisfy the plaintiff's demands") (quoting *McPhail v. Deere & Co.*, 529 F.3d 947, 954 (10th Cir. 2008)).

32.     The only instance when an evidentiary showing is required at removal is if, *after* the defendant has filed the notice of removal, the plaintiff contests, or the court questions, the defendant's allegations. *Dart Cherokee*, 135 S. Ct. at 554. Even then, however, the removing party need only demonstrate jurisdictional facts by a preponderance of the evidence. *Id.* In other words, the defendant need not prove that damages *are* greater than the removal threshold; the defendant need only establish facts showing it is "*possible*" that the requisite amount is "in play." *McPhail*, 529 F.3d at 955 (emphasis in original).

- 11 -

33.     State Farm certainly disputes that Plaintiffs have stated viable claims, or that any damages whatsoever are owed to Plaintiffs or the asserted classes. But what matters to the jurisdictional inquiry is the amount the class conceivably could recover assuming Plaintiffs succeeded in this suit. *See, e.g., Dart Cherokee*, 135 S. Ct. at 554; *Keeling*, 660 F.3d at 274-75.

34.     As stated above, from 2016 through 2018, State Farm has paid out more than $4 billion in claims under PIP policies, and has collected over $6 billion in premiums for PIP policies. Clearly more than $5 million is in controversy. Indeed, this amount can be readily assessed by using Plaintiffs' Michigan lawsuits as examples of the object of the litigation or by a simple calculation following Plaintiffs' claim that State Farm has diminished the value of their PIP policies.[7]

35.     In addition, this $5 million figure does not include other damages asserted by Plaintiff, such as attorneys' fees (*see* Compl. at p. 19), which would further increase the amount at issue in the litigation.

36.     Accordingly, State Farm has shown that the amount in controversy here easily exceeds the CAFA $5,000,000 aggregate damages threshold.

37.     For all the foregoing reasons, State Farm has demonstrated that all prerequisites for CAFA jurisdiction have been met.[8]

---

[7] The exact nature of the injunctive relief sought by Plaintiffs is opaque. (*See* Compl. ¶¶ 46-59.) However, if the relief were to include a letter to each PIP policyholder, given that there were more than 10,000,000 PIP policyholders in 2018, the cost of the mailing process alone would likely exceed $5,000,000.

[8] It is unclear whether Plaintiffs intend to assert that any local controversy exception under CAFA applies here. If so, they bear the burden of showing the exception applies, including the requirement of showing that greater than two-thirds of all proposed Plaintiff classes in the aggregate are citizens of Illinois. *See Sabrina Roppo*, 869 F.3d at 584 . This cannot be shown here, because Illinois is not a PIP state, and no PIP policies are issued there. *See Best v. Taylor*

**WHEREFORE**, Defendant State Farm Mutual Automobile Insurance Company hereby removes this civil action from the Circuit Court of Cook County, Illinois, County Department, Chancery Division, to this Court, under the Class Action Fairness Act of 2005.

Dated: May 3, 2019                                   Respectfully submitted,


                                   By:      /s/ James P. Gaughan
                                            Joseph A. Cancila, Jr.
                                            James P. Gaughan
                                            Nick Kahlon
                                            RILEY SAFER HOLMES & CANCILA LLP
                                            70 West Madison Street, Suite 2900
                                            Chicago, Illinois 60602
                                            Telephone: 312.471.8700
                                            Facsimile:  312.471.8701
                                            jcancila@rshc-law.com
                                            jgaughan@rshc-law.com
                                            nkahlon@rshc-law.com

                                            Rachel F. Sifuentes
                                            RILEY SAFER HOLMES & CANCILA LLP
                                            456 Montgomery Street, 16th Floor
                                            San Francisco, California 94104
                                            Telephone: 415.275.8550
                                            Facsimile:  415.275.8551
                                            rsifuentes@rshc-law.com

                                            *Attorneys for Defendant State Farm Mutual*
                                            *Automobile Insurance Company*

---

*Mach. Works*, 179 Ill. 2d 367, 397–98, 689 N.E.2d 1057, 1073 (1997); *DeGrand v. Motors Ins. Corp.*, 146 Ill. 2d 521, 542–43, 588 N.E.2d 1074, 1084–85 (1992).

## <u>CERTIFICATE OF SERVICE</u>

On May 3, 2019, I electronically submitted these removal papers with the Clerk of Court for the U.S. District Court for the Northern District of Illinois, using the electronic case filing system of the court. I hereby certify that I have served the following counsel of record via postage paid U.S. Mail on May 3, 2019 as authorized by Federal Rule of Civil Procedure 5(b)(2):

Adrienne W. Brown Chan
Stevens & Chan, Chartered
200 West Superior Street, Suite 410
Chicago, IL 60654
(312) 786-2244

John S. Spadaro
John Sheehan Spadaro, LLC
54 Liborio Lane
Smyrna, DE 19977
(302) 235-7745

/s/ James P. Gaughan