**EXHIBIT 1**

Return Date: No return date scheduled
Hearing Date: No hearing scheduled
Courtroom Number: No hearing scheduled
Location: No hearing scheduled

Hearing Date: No hearing scheduled
Courtroom Number: No hearing scheduled
Location: No hearing scheduled

FILED
3/25/2019 1:14 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH03821

FILED DATE: 3/25/2019 1:14 PM   2019CH03821

| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |

Summons - Alias Summons                     (08/01/18) CCG 0001 A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Anna Abraham, Mark Anderson Ronald Drake
Laverne Gallant, Edgell Justin, and
Cynthia Oliver
(Name all parties)
                                    v.

Case No.    2019CH03821

Please Serve: State Farm Mutual Automobile Insurance Company
One State Farm Plaza
Bloomington, IL 61710

State Farm Mutual Automobile Insurance
Company

☑ SUMMONS   ☐ ALIAS SUMMONS

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of
which is hereto attached, or otherwise file your appearance and pay the required fee **within thirty
(30) days after service of this Summons**, not counting the day of service. To file your answer or
appearance you need access to the internet. Please visit www.cookcountyclerkofcourt.org to initiate
this process. Kiosks with internet access are available at all Clerk's Office locations. Please refer to
the last page of this document for location information.

**If you fail to do so, a judgment by default may be entered against you for the relief
requested in the complaint.**

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service,
with endorsement of service and fees, if any, immediately after service. If service cannot be made,
this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30)
days after its date.

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**
Page 1 of 3

**Summons - Alias Summons**          **(08/01/18) CCG 0001 B**

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp, or talk with your local circuit clerk's office.

FILED DATE: 3/25/2019 1:14 PM  2019CH03821

Witness:     3/25/2019 1:14 PM DOROTHY BROWN

Atty. No.: 34227

Atty Name: Stevens & Chan Chartered

Atty. for: Plaintiffs

Address: 200 W Superior St., Suite 410

City: Chicago

State: IL    Zip: 60654

Telephone: 312-786-1257

Primary Email: chan@stevens-law.com

DOROTHY BROWN, Clerk of Court

Date of Service:
(To be inserted by officer on copy left with Defendant or other person):

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org

## CLERK OF THE CIRCUIT COURT OF COOK COUNTY OFFICE LOCATIONS

FILED DATE: 3/25/2019 1:14 PM   2019CH03821

Richard J Daley Center
50 W Washington
Chicago, IL 60602

District 2 - Skokie
5600 Old Orchard Rd
Skokie, IL 60077

District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

District 4 - Maywood
1500 Maybrook Ave
Maywood, IL 60153

District 5 - Bridgeview
10220 S 76th Ave
Bridgeview, IL 60455

District 6 - Markham
16501 S Kedzie Pkwy
Markham, IL 60428

Domestic Violence Court
555 W Harrison
Chicago, IL 60607

Juvenile Center Building
2245 W Ogden Ave, Rm 13
Chicago, IL 60602

Criminal Court Building
2650 S California Ave, Rm 526
Chicago, IL 60608

### Daley Center Divisions/Departments

Civil Division
Richard J Daley Center
50 W Washington, Rm 601
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Chancery Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Domestic Relations Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Civil Appeals
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Criminal Department
Richard J Daley Center
50 W Washington, Rm 1006
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

County Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Probate Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Law Division
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Traffic Division
Richard J Daley Center
50 W Washington, Lower Level
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**

Return Date: No return date scheduled
Hearing Date: 7/23/2019 10:00 AM - 10:00 AM
Courtroom Number: 2410
Location: District 1 Court
    Cook County, IL

FILED
3/25/2019 11:54 AM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH03821

**IN THE CIRCUIT COURT OF COOK COUNTY**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

| | | |
|---|---|---|
| ANNA ABRAHAM, MARK ANDERSON, RONALD DRAKE, LUTYSHIA EMERSON, LAVERNE GALLANT, EDGELL JUSTIN, and CYNTHIA OLIVER, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | No.   2019CH03821 |
| v. | ) ) | |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | ) ) ) | |
| Defendant. | ) ) | |

**(PROPOSED) CLASS ACTION COMPLAINT**

Plaintiffs Anna Abraham, Mark Anderson, Ronald Drake, Lutyshia Emerson, Laverne Gallant, Edgell Justin, and Cynthia Oliver, by their undersigned attorneys and for their complaint against defendant State Farm Mutual Automobile Insurance Company, allege as follows:

**Nature of the Action**

1. This action seeks classwide declaratory relief and (in the alternative) classwide injunctive relief for defendant State Farm Mutual Automobile Insurance Company's failure to comply with a uniform legal standard under which the defendant must provide to its insureds a meaningful written explanation, within the statutory 30-day deadline of each affected state's Personal Injury Protection statute, of (i) its inability or purported inability to complete its investigation of a given Personal Injury Protection claim within that statutory 30-day deadline, and (ii) its withholding of payment of benefits for a given Personal Injury Protection claim within that same statutory 30-day deadline.

8602

2. This is a proposed class action brought on behalf of each of two proposed classes:

a. All Personal Injury Protection claimants in Delaware, Florida, Hawaii, Kansas, Kentucky, Massachusetts, Michigan, Minnesota, New York, North Dakota, Oregon, Pennsylvania, Texas, and Utah who, at any time since March 25, 2016, submitted to the defendant a claim for medical-expense-related Personal Injury Protection benefits where (i) the defendant responded to the claim submission by stating, in substance, that it was investigating or would investigate the claim; (ii) the defendant's response offered no explanation for its failure to complete such investigation within the applicable statutory 30-day deadline; and (iii) the defendant neither paid all or any part of the claim submission within 30 days of receipt, nor communicated in writing, within 30 days of receipt, any basis for withholding payment beyond its assertion that it was investigating or would investigate the claim; and

b. All of the defendant's current auto insurance policyholders in Delaware, Florida, Hawaii, Kansas, Kentucky, Massachusetts, Michigan, Minnesota, New York, North Dakota, Oregon, Pennsylvania, Texas, and Utah.

### The Parties

3. Plaintiffs Mark Anderson, Laverne Gallant, and Cynthia Oliver are residents of the State of Michigan, and current auto insurance policyholders of defendant State Farm Mutual Automobile Insurance Company. In addition to being a policyholder of the defendant, plaintiff Cynthia Oliver is currently insured by the defendant as a Personal Injury Protection claimant, such status arising from injuries she sustained in a covered motor vehicle accident.

4. Plaintiffs Anna Abraham, Lutyshia Emerson, and Edgell Justin are currently insured by the defendant as Personal Injury Protection claimants, such status arising from injuries they sustained in covered motor vehicle accidents.

2

FILED DATE: 3/25/2019 11:54 AM   2019CH03821

FILED DATE: 3/25/2019 11:54 AM   2019CH03821

5.  Defendant State Farm Mutual Automobile Insurance Company is an Illinois corporation with a principal place of business at One State Farm Plaza, Bloomington, IL 61710. It is engaged in the business of insurance, and regularly sells automobile insurance (including Personal Injury Protection coverage) within the states of Delaware, Florida, Hawaii, Kansas, Kentucky, Massachusetts, Michigan, Minnesota, New York, North Dakota, Oregon, Pennsylvania, Texas, and Utah.

### Factual Background Applicable to the Proposed Class

6.  State Farm is a prolific underwriter of automobile insurance in Delaware, Florida, Hawaii, Kansas, Kentucky, Massachusetts, Michigan, Minnesota, New York, North Dakota, Oregon, Pennsylvania, Texas, and Utah.

7.  On information and belief, and since at least March 2016, State Farm has enjoyed a substantial share of the auto insurance market in Delaware, Florida, Hawaii, Kansas, Kentucky, Massachusetts, Michigan, Minnesota, New York, North Dakota, Oregon, Pennsylvania, Texas, and Utah.  At all times relevant to this case, State Farm has derived substantial revenues and profits from the sale of auto insurance in those states.

### Jurisdiction and Venue

8.  This Court has subject matter jurisdiction over the parties' controversy under Article VI, Section 9 of the Illinois Constitution.

9.  This Court has personal jurisdiction over State Farm because State Farm is incorporated in Illinois, has its principal place of business in Illinois, and has contacts with Illinois that are so substantial and of such a nature as to render State Farm at home in Illinois.

10.  Venue is proper in Cook County pursuant to ILCS 5/2-101 and 5/2-102 because State Farm is a resident of Cook County.

3

FILED DATE: 3/25/2019 11:54 AM 2019CH03821

## The Applicable Legal Standards

11. Beginning in the late 1960s and early 1970s, various state legislatures began to enact no-fault auto insurance statutes. In Delaware, Florida, Hawaii, Kansas, Kentucky, Massachusetts, Michigan, Minnesota, New York, North Dakota, Oregon, Pennsylvania, Texas, and Utah, these statutes regulate the sale, issuance, and administration of Personal Injury Protection (or "PIP") coverage.

12. In each of the states targeted by this lawsuit — Delaware, Florida, Hawaii, Kansas, Kentucky, Massachusetts, Michigan, Minnesota, New York, North Dakota, Oregon, Pennsylvania, Texas, and Utah, which we hereafter refer to as the "PIP states" — a dedicated PIP statute regulates (at a minimum) insurance coverage for medical expenses and lost wages arising from injuries incurred in an auto accident.

13. Under the laws of each of the PIP states, PIP coverage is afforded to the injured person on a no-fault basis; that is, without regard to the injured person's relative fault in causing the auto accident that gave rise to that person's injuries.

14. Under the laws of each of the PIP states, a PIP insurer presented with a claim for PIP benefits — typically in the form of a medical bill — must take some form of meaningful action within 30 days of the insurer's receipt of the claim.

15. Under the laws of each of the PIP states, a PIP insurer presented with a claim for PIP benefits — typically in the form of a medical bill — must either:

- Pay all or part of the claim;

- Advise the claimant in writing, within 30 days of the insurer's receipt of the claim, that further, specified information or verification is required in order to process the claim; or

4

- Advise the claimant in writing, within 30 days of the insurer's receipt of the claim, that all or part of the claim is denied.

16.  In the event that the PIP insurer denies all or part of the claim, it must advise the claimant in writing, within 30 days of the insurer's receipt of the claim, of the reason(s) for the denial.

17.  The legal standards described in paragraphs 13 through 16 above are uniform throughout the PIP states.

### State Farm's Uniform Wrongful Conduct

18.  Under the laws of each of the PIP states, when State Farm receives a claim for PIP benefits, it has a duty to investigate that claim fairly and reasonably.

19.  Under the laws of each of the PIP states, State Farm need not cover a medical-expense-related PIP claim unless the corresponding medical treatment relates to injuries sustained in a covered auto accident.

20.  Under the laws of each of the PIP states, when paying a covered medical-expense-related PIP claim, State Farm need only pay charges that are reasonable in amount.

21.  Under the laws of each of the PIP states, State Farm need not cover a medical-expense-related PIP claim unless the corresponding medical treatment was medically necessary.

22.  The insurance coverage issues highlighted within paragraphs 18 through 21 above — the requirement that State Farm investigate each PIP claim fairly and reasonably; the requirement that, in order to be covered, a PIP claim be causally related to the covered auto accident; the duty, on State Farm's part, to pay only reasonable charges for covered claims; and the requirement that, in order to be covered, the corresponding medical treatment be medically

5

FILED DATE: 3/25/2019 11:54 AM   2019CH03821

necessary — apply to every medical-expense-related PIP claim that State Farm handles in each of the PIP states.

23.   Plaintiffs Anna Abraham, Lutyshia Emerson, Edgell Justin, and Cynthia Oliver and have submitted (directly or through care providers) certain medical-expense-related PIP claims to State Farm.

24.   State Farm has responded to the medical-expense-related PIP claims submitted by or on behalf of Ms. Abraham, Ms. Emerson, Mr. Justin, and Ms. Oliver with a standardized form letter, ostensibly sent in compliance with the applicable 30-day statutory deadline.  That standardized form letter reads, in pertinent part, as follows: "This matter is presently under investigation and as soon as a determination has been made, you will be notified."[1]

25.   State Farm sometimes responds to medical-expense-related PIP claims with a variation of the form letter described in paragraph 24 above.  This substantially identical form letter reads, in pertinent part, as follows:

> Based on our investigation of the claim to date, there is a question as to whether this treatment is reasonable and necessary as a result of injuries sustained in [the auto accident in question].
>
> Consideration for reimbursement of benefits will be made after a complete investigation of your claim.

These form letters convey no more meaningful information than do the form letters described in paragraph 24 above.  This is because every claim for medical-expense-related PIP benefits raises questions as to the fundamental elements of coverage — causation, medical necessity, and the reasonableness of the dollar amount charged.  Telling claimants that their medical-expense-

---

[1] *See* Exhibit A (standard form *We're investigating* letters from State Farm to claimants Abraham, Emerson, Justin, and Oliver).

6

related claims raise these questions is therefore nothing more than tautology, as though State Farm were saying *Your claim is a claim and we're treating it as such.*

26. The standardized form letters described in paragraphs 24 and 25 above do not meet, and in fact violate, the legal requirements for handling PIP claims in the PIP states.

27. Though ostensibly sent by State Farm in compliance with the applicable 30-day statutory deadline for responding to PIP claims in the PIP states, the standardized form letters described in paragraphs 24 and 25 above do not so comply.

28. By deploying the standardized form letters described in paragraphs 24 and 25 above, State Farm arrogates to itself an open-ended window in which to complete its investigation and communicate a coverage determination. In this way, State Farm avoids (and effectively repeals) the PIP states' mandate that State Farm either:

- Pay all or part of the claim within 30 days of its receipt of the claim;

- Advise the claimant in writing, within 30 days of its receipt of the claim, that further, specified information or verification is required in order to process the claim; or

- Advise the claimant in writing, within 30 days of the insurer's receipt of the claim, that all or part of the claim is denied (while also explaining the reasons for the denial).

29. By deploying the standardized form letters described in paragraphs 24 and 25 above, State Farm subjects the affected claimants to unreasonable delay.

30. The standardized form letters described in paragraphs 24 and 25 above deprive PIP claimants and their care providers of meaningful information regarding (i) why State Farm's investigation of the subject PIP claim has not been or cannot be investigated to completion

FILED DATE: 3/25/2019 11:54 AM 2019CH03821

FILED DATE: 3/25/2019 11:54 AM   2019CH03821

within the statutory 30-day window; (ii) when, if ever, State Farm's investigation of the subject PIP claim is likely to conclude; (iii) whether State Farm will ultimately pay all or part of the amount charged on the subject PIP claim; and (iv) why State Farm has not paid or will not pay some or all of the amount charged on the subject PIP claim.  By deploying such standardized form letters, therefore, State Farm prejudices the ability of the claimant and his or her care provider to assess and, if appropriate, contest the company's withholding of payment in a meaningful way, on a level playing field.

31.  On information and belief, State Farm has deployed and is deploying identical or substantially identical *We're investigating* letters — that is, letters virtually identical to those described in paragraphs 24 and 25 above — in each of the PIP states, ostensibly in compliance with the applicable 30-day statutory deadline.  For example, Exhibit B is a redacted copy of a standardized form letter that State Farm routinely sends to Delaware PIP claimants' care providers (with a copy to the claimant) to advise that:

> There will be a delay in payment of your bill.  Our investigation is ongoing.  Your bill will be considered for payment when our investigation is complete.

32.  In addition to subjecting plaintiffs Abraham, Emerson, Justin, and Oliver to the wrongful practices described in paragraphs 24 through 31 above, State Farm has engaged in those practices — and, on information and belief, reserves the right to continue engaging in those practices — under auto policies sold and issued by State Farm to the policyholder plaintiffs, Mark Anderson, Laverne Gallant, and Cynthia Oliver.  In so doing, State Farm has unilaterally diminished the value of the auto policies (and, more particularly, the Personal Injury Protection coverage) that it sold and issued to Mr. Anderson, Ms. Gallant, and Ms. Oliver.

FILED DATE: 3/25/2019 11:54 AM    2019CH03821

**Class Certification Allegations**

33.  Plaintiffs Anna Abraham, Mark Anderson, Ronald Drake, Lutyshia Emerson, Laverne Gallant, Edgell Justin, and Cynthia Oliver bring this action on behalf of themselves and all others similarly situated, as representatives of the following proposed classes:

a.  Plaintiffs Anna Abraham, Lutyshia Emerson, Edgell Justin and Cynthia Oliver bring this action as representatives of all Personal Injury Protection claimants in Delaware, Florida, Hawaii, Kansas, Kentucky, Massachusetts, Michigan, Minnesota, New York, North Dakota, Oregon, Pennsylvania, Texas, and Utah who, at any time since March 25, 2016, submitted to State Farm a claim for medical-expense-related Personal Injury Protection benefits where (i) State Farm responded to the claim submission by stating, in substance, that it was investigating or would investigate the claim; (ii) State Farm's response offered no explanation for its failure to complete such investigation within the applicable statutory 30-day deadline; and (iii) State Farm neither paid all or any part of the claim submission within 30 days of receipt, nor communicated in writing, within 30 days of receipt, any basis for withholding payment beyond its assertion that it was investigating or would investigate the claim ("Proposed Class A").

b.  Plaintiffs Mark Anderson, Laverne Gallant, and Cynthia Oliver bring this action as representatives of all of State Farm's current auto insurance policyholders in Delaware, Florida, Hawaii, Kansas, Kentucky, Massachusetts, Michigan, Minnesota, New York, North Dakota, Oregon, Pennsylvania, Texas, and Utah ("Proposed Class B").

34.  This action is brought and may properly be maintained as a class action pursuant to 735 ILCS 5/2-801 because:

a.  Both proposed classes are so numerous that the individual joinder of all absent class members is impracticable.  While the exact number and identities of the proposed classes is

9

FILED DATE: 3/25/2019 11:54 AM   2019CH03821

presently unknown, and can only be determined through investigation and discovery, plaintiffs are informed and believe that each of the two proposed classes includes over 10,000 members.

b. There are questions of fact or law common to each member of Proposed Class A, and these common questions predominate over any questions affecting only individual members. Such common questions include, as to Proposed Class A:

i. Whether each member of the proposed class has received one or more of State Farm's *We're investigating* letters within the proposed class period;

ii. Whether State Farm deploys its *We're investigating* letters on a widespread and/or routine basis;

iii. Whether State Farm's *We're investigating* letters comply with the company's obligation, under the uniform legal standards applicable in the PIP states, to either (a) pay all or part of a medical-expense-related PIP claim within 30 days of receipt of the claim; (b) advise the PIP claimant in writing, within 30 days of receipt of the claim, that further, specified information or verification is required in order to process the claim; or (c) advise the PIP claimant in writing, within 30 days of receipt of the claim, that all or part of the claim is denied (while also explaining the reasons for the denial);

iv. Whether State Farm's use of its *We're investigating* letters deprives PIP claimants of meaningful information regarding why State Farm's investigation of the subject PIP claim has not been or cannot be investigated to completion within the statutory 30-day window;

v. Whether State Farm's use of its *We're investigating* letters deprives PIP claimants of meaningful information regarding when, if ever, State Farm's investigation of the subject PIP claim is likely to conclude;

10

FILED DATE: 3/25/2019 11:54 AM  2019CH03821

vi.  Whether State Farm's use of its *We're investigating* letters deprives PIP claimants of meaningful information regarding whether State Farm will ultimately pay all or part of the amount charged on the subject PIP claim;

vii.  Whether State Farm's use of its *We're investigating* letters deprives PIP claimants of meaningful information regarding why State Farm has not paid or will not pay some or all of the amount charged on the subject PIP claim;

viii.  Whether State Farm's use of its *We're investigating* letters prejudices the ability of the claimant and his or her care provider to assess and, if appropriate, contest the company's withholding of payment in a meaningful way, on a level playing field; and

ix.  Whether the proposed class is entitled to an award of reasonable attorneys' fees under the common fund or common benefit doctrine, and the amount (if any) of such fees.

c.  There are questions of fact or law common to each member of Proposed Class B, and these common questions predominate over any questions affecting only individual members. Such common questions include, as to Proposed Class B:

i.  Whether State Farm deploys its *We're investigating* letters on a widespread or routine basis;

ii.  Whether State Farm's *We're investigating* letters comply with the company's obligation, under the uniform legal standards applicable in the PIP states, to either (a) pay all or part of a medical-expense-related PIP claim within 30 days of receipt of the claim; (b) advise the PIP claimant in writing, within 30 days of receipt of the claim, that further, specified information or verification is required in order to process the claim; or (c) advise the PIP claimant in writing, within 30 days of receipt of the claim, that all or part of the claim is denied (while also explaining the reasons for the denial);

FILED DATE: 3/25/2019 11:54 AM    2019CH03821

iii. Whether State Farm's use of its *We're investigating* letters deprives PIP claimants of meaningful information regarding why State Farm's investigation of the subject PIP claim has not been or cannot be investigated to completion within the statutory 30-day window;

iv. Whether State Farm's use of its *We're investigating* letters deprives PIP claimants of meaningful information regarding when, if ever, State Farm's investigation of the subject PIP claim is likely to conclude;

v. Whether State Farm's use of its *We're investigating* letters deprives PIP claimants of meaningful information regarding whether State Farm will ultimately pay all or part of the amount charged on the subject PIP claim;

vi. Whether State Farm's use of its *We're investigating* letters deprives PIP claimants of meaningful information regarding why State Farm has not paid or will not pay some or all of the amount charged on the subject PIP claim;

vii. Whether State Farm's use of its *We're investigating* letters prejudices the ability of the claimant and his or her care provider to assess and, if appropriate, contest the company's withholding of payment in a meaningful way, on a level playing field;

viii. Whether State Farm's use of its *We're investigating* letters operates to diminish the value of the auto policies (and, more particularly, the Personal Injury Protection coverage) that it sold and issued to members of Proposed Class B; and

ix. Whether the proposed class is entitled to an award of reasonable attorneys' fees under the common fund or common benefit doctrine, and the amount (if any) of such fees.

d. The plaintiffs will fairly and adequately protect the interest of the proposed classes.

e. Classwide resolution of the dispute is an appropriate method for the fair and efficient adjudication of the parties' controversy with State Farm.

FILED DATE: 3/25/2019 11:54 AM    2019CH03821

## COUNT I

### Declaratory Relief

35.  Plaintiffs Anna Abraham, Mark Anderson, Ronald Drake, Lutyshia Emerson, Laverne Gallant, Edgell Justin, and Cynthia Oliver, on behalf of themselves and all others similarly situated, repeat and incorporate by reference the allegations set forth in paragraphs 1 through 34 above.

36.  State Farm's use of the standardized form letters described in paragraphs 24 and 25 above — sometimes referred to herein as State Farm's *We're investigating* letters — do not meet, and in fact violate, the legal requirements for handling PIP claims in the PIP states.

37.  Though ostensibly sent by State Farm in compliance with the applicable 30-day statutory deadline for responding to PIP claims in the PIP states, the standardized form letters described in paragraphs 24 and 25 above do not so comply.

38.  By deploying the standardized form letters described in paragraphs 24 and 25 above, State Farm arrogates to itself an open-ended window in which to complete its investigation and communicate a coverage determination.  In this way, State Farm avoids (and effectively repeals) the PIP states' mandate that State Farm either:

- Pay all or part of the claim within 30 days of its receipt of the claim;

- Advise the claimant in writing, within 30 days of its receipt of the claim, that further, specified information or verification is required in order to process the claim; or

- Advise the claimant in writing, within 30 days of the insurer's receipt of the claim, that all or part of the claim is denied (while also explaining the reasons for the denial).

13

Yes

FILED DATE: 3/25/2019 11:54 AM   2019CH03821

39.  By deploying the standardized form letters described in paragraphs 24 and 25 above, State Farm subjects the affected claimants to unreasonable delay.

40.  The standardized form letters described in paragraphs 24 and 25 above deprive PIP claimants and their care providers of meaningful information regarding (i) why State Farm's investigation of the subject PIP claim has not been or cannot be investigated to completion within the statutory 30-day window; (ii) when, if ever, State Farm's investigation of the subject PIP claim is likely to conclude; (iii) whether State Farm will ultimately pay all or part of the amount charged on the subject PIP claim; and (iv) why State Farm has not paid or will not pay some or all of the amount charged on the subject PIP claim.  By deploying such standardized form letters, therefore, State Farm prejudices the ability of the claimant and his or her care provider to assess and, if appropriate, contest the company's withholding of payment in a meaningful way, on a level playing field.

41.  By deploying the standardized form letters described in paragraphs 24 and 25 above, State Farm has inflicted a variety of harms (as more fully alleged above) on plaintiffs Anna Abraham, Lutyshia Emerson, Edgell Justin, and Cynthia Oliver, and on all absent members of Proposed Class A.

42.  By deploying the standardized form letters described in paragraphs 24 and 25 above, State Farm has unilaterally diminished the value of the auto policies (and, more particularly, the Personal Injury Protection coverage) that it sold and issued to plaintiffs Mark Anderson, Laverne Gallant, and Cynthia Oliver, and to all absent members of Proposed Class B.

43.  An actual controversy of a justiciable nature exists between the plaintiffs, on behalf of themselves and all others similarly situated (on the one hand) and State Farm (on the other),

14

FILED DATE: 3/25/2019 11:54 AM   2019CH03821

concerning the parties' rights and obligations under the relevant and uniform laws of the PIP states and the affected State Farm auto policies.

44.  The controversy is of sufficient immediacy to justify the entry of a declaratory judgment.

45.  An award of declaratory relief by this Court will terminate some or all of the existing controversy between the parties.

**COUNT II**

**Alternative Relief: Injunctive Relief**

46.  Plaintiffs Anna Abraham, Mark Anderson, Ronald Drake, Lutyshia Emerson, Laverne Gallant, Edgell Justin, and Cynthia Oliver, on behalf of themselves and all others similarly situated, repeat and incorporate by reference the allegations set forth in paragraphs 1 through 45 above.

47.  State Farm's use of the standardized form letters described in paragraphs 24 and 25 above — sometimes referred to herein as State Farm's *We're investigating* letters — do not meet, and in fact violate, the legal requirements for handling PIP claims in the PIP states.

48.  Though ostensibly sent by State Farm in compliance with the applicable 30-day statutory deadline for responding to PIP claims in the PIP states, the standardized form letters described in paragraphs 24 and 25 above do not so comply.

49.  By deploying the standardized form letters described in paragraphs 24 and 25 above, State Farm arrogates to itself an open-ended window in which to complete its investigation and communicate a coverage determination.  In this way, State Farm avoids (and effectively repeals) the PIP states' mandate that State Farm either:

- Pay all or part of the claim within 30 days of its receipt of the claim;

15

FILED DATE: 3/25/2019 11:54 AM   2019CH03821

- Advise the claimant in writing, within 30 days of its receipt of the claim, that further, specified information or verification is required in order to process the claim; or

- Advise the claimant in writing, within 30 days of the insurer's receipt of the claim, that all or part of the claim is denied (while also explaining the reasons for the denial).

50. By deploying the standardized form letters described in paragraphs 24 and 25 above, State Farm subjects the affected claimants to unreasonable delay.

51. The standardized form letters described in paragraphs 24 and 25 above deprive PIP claimants and their care providers of meaningful information regarding (i) why State Farm's investigation of the subject PIP claim has not been or cannot be investigated to completion within the statutory 30-day window; (ii) when, if ever, State Farm's investigation of the subject PIP claim is likely to conclude; (iii) whether State Farm will ultimately pay all or part of the amount charged on the subject PIP claim; and (iv) why State Farm has not paid or will not pay some or all of the amount charged on the subject PIP claim. By deploying such standardized form letters, therefore, State Farm prejudices the ability of the claimant and his or her care provider to assess and, if appropriate, contest the company's withholding of payment in a meaningful way, on a level playing field.

52. By deploying the standardized form letters described in paragraphs 24 and 25 above, State Farm has inflicted a variety of harms (as more fully alleged above) on plaintiffs Anna Abraham, Lutyshia Emerson, Edgell Justin, and Cynthia Oliver, and on all absent members of Proposed Class A.

FILED DATE: 3/25/2019 11:54 AM   2019CH03821

53.  By deploying the standardized form letters described in paragraphs 24 and 25 above, State Farm has unilaterally diminished the value of the auto policies (and, more particularly, the Personal Injury Protection coverage) that it sold and issued to plaintiffs Mark Anderson, Laverne Gallant, and Cynthia Oliver, and to all absent members of Proposed Class B.

54.  State Farm's use of the standardized form letters described in paragraphs 24 and 25 above subjects PIP claimants, including plaintiffs Anna Abraham, Lutyshia Emerson, Edgell Justin, and Cynthia Oliver, and all absent members of Proposed Class A, to irreparable harm by depriving them of the information fairly needed to promptly evaluate and, if appropriate, contest State Farm's failure to make payment of PIP benefits.

55.  State Farm's use of the standardized form letters described in paragraphs 24 and 25 above subjects plaintiffs Mark Anderson, Laverne Gallant, and Cynthia Oliver, and all absent members of Proposed Class B, to irreparable harm by diminishing the value of the auto policies (and, more particularly, the Personal Injury Protection coverage) that it sold and issued to such plaintiffs and absent class members.

56.  To the extent declaratory relief may be unavailable to the plaintiffs herein, the plaintiffs and the absent class members whom they seek to represent are without an adequate remedy at law.

57.  The plaintiffs, and the absent class members whom they seek to represent, have suffered or will suffer hardship in the manner alleged above.  State Farm, by contrast, would suffer no hardship if required by way of injunction to comply with the PIP states' mandate that State Farm either:

- Pay all or part of the claim within 30 days of its receipt of the claim;

17

- Advise the claimant in writing, within 30 days of its receipt of the claim, that further, specified information or verification is required in order to process the claim; or

- Advise the claimant in writing, within 30 days of the insurer's receipt of the claim, that all or part of the claim is denied (while also explaining the reasons for the denial).

58. An injunction requiring State Farm to cease the practices complained of in paragraphs 24 through 32 above would serve the public interest by (i) upholding the applicable and uniform legal requirements for handling PIP claims in the PIP states and (ii) advancing the policy interests that prompted the PIP states to enact PIP statutes.

59. Plaintiffs Anna Abraham, Mark Anderson, Ronald Drake, Lutyshia Emerson, Laverne Gallant, Edgell Justin, and Cynthia Oliver, on behalf of themselves and all others similarly situated, respectfully pray that this Court grant injunctive relief, permanently enjoining State Farm from engaging in the practices described in paragraphs 24 through 32 above (that is, the use of the company's *We're investigating* letters).

WHEREFORE, plaintiffs Anna Abraham, Mark Anderson, Ronald Drake, Lutyshia Emerson, Laverne Gallant, Edgell Justin, and Cynthia Oliver, on behalf of themselves and all others similarly situated, respectfully request that this Court enter judgment as follows:

a. Entering an Order certifying the plaintiff classes, appointing plaintiffs as representatives of those classes, and appointing plaintiffs' counsel to represent the classes, all pursuant to ILCS 5/2-101 and 5/2-102;

b. Declaring the parties' rights, duties, status or other legal relations;

c. Entering the judicial declarations sought by this complaint;

18

d. In the alternative, permanently enjoining State Farm from engaging in the practices described in paragraphs 24 through 32 above (that is, the use of the company's *We're investigating* letters);

e. Awarding to plaintiffs and all others similarly situated their reasonable attorneys' fees;

f. Awarding to plaintiffs and all others similarly situated all costs of this action; and

g. Awarding such other and further relief as this Court deems just and appropriate.

Respectfully submitted,

STEVENS & CHAN, CHARTERED

/s/ Adrienne W. Brown Chan
Adrienne W. Brown Chan
200 West Superior Street, Suite 410
Chicago, IL 60654
(312)786-2244
Attorney No. 34227

Of Counsel:

JOHN SHEEHAN SPADARO, LLC

John S. Spadaro
54 Liborio Lane
Smyrna, DE 19977
(302)235-7745

Attorneys for plaintiffs (on behalf of themselves and all others similarly situated)

March 25, 2019

19

FILED DATE: 3/25/2019 11:54 AM   2019CH03821

# EXHIBIT A

FILED DATE: 3/25/2019 11:54 AM 2019CH03821

*Providing Insurance and Financial Services*
*Home Office, Bloomington, IL*  StateFarm

June 12, 2018

Mendelson Kornblum Orthopedics
7784 Solution Ctr # 777684
Chicago IL 60677-7008

State Farm Claims
PO Box 52257
Phoenix AZ 85072-2257

RE:  Insured:           Laverne Gallent
     Loss Date:         January 11, 2018
     Claim Number:      22-2630-W25
     Date(s) of Service: 4/30/2018-5/10/2018
     Your Patient:      Lutyahia Emerson
     Account:           12/29/1987

To Whom It May Concern:

This matter is presently under investigation and as soon as a determination has been made, you will be notified.

Please be aware according to Michigan No-Fault Law, an action for recovery of personal injury protection benefits must be commenced within one year after the most recent allowable expense, work loss, replacement service or survivor's loss has been incurred. However, the injured party may not recover benefits for any portion of the loss incurred more than one year before the date on which the action was commenced.

If you have any questions, please do not hesitate to call.

Sincerely,

Barbara Heemar
Claim Specialist
Phone:  (800) 331-1169 Ext. 2534391409
Fax:    (855) 666-0964

State Farm Mutual Automobile Insurance Company

cc:   Mike Morse PC
      24901 Northwestern Hwy Ste 700
      Southfield MI 48075-2210

AmR

FILED DATE: 3/25/2019 11:54 AM   2019CH03821

*Providing Insurance and Financial Services*
*Home Office, Bloomington, IL*                                           **State Farm°**

October 01, 2018

Mike Morse PC                                    State Farm Claims
24901 Northwestern Hwy Ste 700                   PO Box 106170
Southfield MI  48075-2210                        Atlanta GA 30348-6170

**RECEIVED**

OCT 08 2018

MIKE MORSE LAW FIRM

RE:   Insured:           Mark Anderson
      Loss Date:         May 24, 2018
      Claim Number:      22-4260-Z38
      Date(s) of Service: Demand dated 09/27/2018
      Your Patient:      Anna Abraham
      Account:           NA

To Whom It May Concern:

This matter is presently under investigation and as soon as a determination has been made, you will be notified.

Please be aware according to Michigan No-Fault Law, an action for recovery of personal injury protection benefits must be commenced within one year after the most recent allowable expense, work loss, replacement service or survivor's loss has been incurred. However, the injured party may not recover benefits for any portion of the loss incurred more than one year before the date on which the action was commenced.

If you have any questions, please do not hesitate to call.

Sincerely,

Breeann Rayman
Claim Specialist
Phone:  (844) 292-8615 Ext. 9727448735
Fax:    (844) 218-1140

State Farm Mutual Automobile Insurance Company

1

*Providing Insurance and Financial Services*
*Home Office, Bloomington, IL*

 **StateFarm°**

August 28, 2018

Mike Morse PC
24901 Northwestern Hwy Ste 700
Southfield MI 48075-2210

State Farm Claims
PO Box 106170
Atlanta GA 30348-6170

**RECEIVED**

SEP 0 5 2018

MIKE MORSE LAW FIRM

RE:   Insured:       Mark Anderson
      Loss Date:     May 24, 2018
      Claim Number:  22-4250-Z38
      Date(s) of Service: 05/24/2018 and ongoing
      Your Patient:   Anna Abraham
      Account:      **ACCOUNT NUMBER**

To Whom It May Concern:

This matter is presently under investigation and as soon as a determination has been made, you will be notified.

Please be aware according to Michigan No-Fault Law, an action for recovery of personal injury protection benefits must be commenced within one year after the most recent allowable expense, work loss, replacement service or survivor's loss has been incurred. However, the injured party may not recover benefits for any portion of the loss incurred more than one year before the date on which the action was commenced.

If you have any questions, please do not hesitate to call.

Sincerely,

Breeann Rayman
Claim Specialist
Phone:  (844) 292-8615 Ext. 9727448735
Fax:    (844) 218-1140

State Farm Mutual Automobile Insurance Company

FILED DATE: 3/25/2019 11:54 AM   2019CH03821

*Providing Insurance and Financial Services*
*Home Office, Bloomington, IL*

 **State Farm**

July 10, 2018

New Grace Spinal Rehabilitation
PO Box 156
Dryden MI  48428-0156

State Farm Claims
PO Box 52257
Phoenix AZ 85072-2257

RE:    Insured:              Cynthia Oliver
        Loss Date:          December 26, 2017
        Claim Number:    22-2563-S96
        Date(s) of Service:  05/25/18-06/08/18
        Your Patient:       Cynthia Oliver
        Account:            07/07/1958

RECEIVED

JUL 18 2018

MIKE MORSE LAW FIRM

To Whom It May Concern:

This matter is presently under investigation and as soon as a determination has been made, you will be notified.

**Please be aware according to Michigan No-Fault Law, an action for recovery of personal injury protection benefits must be commenced within one year after the most recent allowable expense, work loss, replacement service or survivor's loss has been incurred. However, the injured party may not recover benefits for any portion of the loss incurred more than one year before the date on which the action was commenced.**

If you have any questions, please do not hesitate to call.

Sincerely,

Richard Rykens/sp
Claim Specialist
Phone:  (800) 331-1169  Ext. 9726996696
Fax:      (855) 666-0964

State Farm Mutual Automobile Insurance Company

cc:    Law Office Of Michael J Morse PC
        24901 Northwestern Hwy Ste 700
        Southfield MI 48075-2203

*Providing Insurance and Financial Services*
*Home Office, Bloomington, IL*

 StateFarm°

February 13, 2018

Genesys Surgery Center Llc
PO Box 772054
Detroit MI  48277-2054

State Farm Claims
PO Box 52257
Phoenix AZ 85072-2257

RE:     Insured:            Ronald Drake
        Loss Date:          September 17, 2017
        Claim Number:       22-1631-X44
        Date(s) of Service: 01/24/2018
        Your Patient:       Justin Edgell
        Account:            09/06/1984

To Whom It May Concern:

This matter is presently under investigation and as soon as a determination has been made, you will be notified.

**Please be aware according to Michigan No-Fault Law, an action for recovery of personal injury protection benefits must be commenced within one year after the most recent allowable expense, work loss, replacement service or survivor's loss has been incurred. However, the injured party may not recover benefits for any portion of the loss incurred more than one year before the date on which the action was commenced.**

If you have any questions, please do not hesitate to call.

Sincerely,

Jack Drake/lr
Claim Specialist
Phone:   (800) 331-1169 Ext. 9727441756
Fax:     (855) 666-9864

State Farm Mutual Automobile Insurance Company

cc:     Mike Morse PC
        24901 Northwestern Hwy Ste 700
        Southfield MI 48075-2210

n2

FILED DATE: 3/25/2019 11:54 AM   2019CH03821

# EXHIBIT B

FILED DATE: 3/25/2019 11:54 AM 2019CH03821

Providing Insurance and Financial Services
Home Office, Bloomington, IL

State Farm

February 4, 2019

First State Orthopaedic Pa
PO Box 824232 Dept 001
Philadelphia PA 19182-4232

State Farm Claims
PO Box 106170
Atlanta GA 30348-6170

RE:    Claim Number:
       Date of Loss:
       Our Insured:
       Patient:
       Account Number:
       Date(s) of Service:

To Whom It May Concern:

We have received your bill for treatment rendered to the above patient on 11/07/2018 & present.

There will be a delay in payment of your bill. Our investigation is ongoing. Your bills will be
considered for payment when our investigation is complete.

If you have any questions, please contact us.

Sincerely,

Brett Van Dyk
Claim Specialist
(844) 292-8215 Ext. 0729077844
Fax    (844) 218-1140

State Farm Mutual Automobile Insurance Company

cc:

First State Orthopaedics
>Confidential Clinical Document - Handle Appropriately<

Return Date: No return date scheduled
Hearing Date: No hearing scheduled
Courtroom Number: No hearing scheduled
Location: No hearing scheduled

FILED
4/12/2019 8:17 AM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH03821

**Anna Abraham et al**

**VS**

Case Number:    NE2019CH03821

4664064

FILED DATE: 4/12/2019 8:17 AM   2019CH03821

---

**COURT PAPER TYPE :** Summons
**COURT PAPER SUMMARY:** -STATE FARM MUTUAL AUTOMOBILE INSURANCE CO (ANY OFFICER OR DIRECTOR)
**COURT PAPER STATUS: Completed**

---

**Individual Summary: STATE FARM MUTUAL AUTOMOBILE INSURANCE CO (ANY OFFICER OR DIRECTOR) 1 STATE FARM PLZ BLOOMINGTON, IL 61710**
**Individual Return / Service Status: Served**

Corporation Served this writ this  04  day of  April , 2019 ,
by serving it to the within named  Doug Nenne  **Legal Department Employee.**

Served Sex: __          Served Race: __          Served DOB: __

Comment: Served at 1 State Farm Plaza, Bloomington, IL

Service, . . . . . . . . . . . . . . . . $ 50.00
Miscellaneous Fees:

_____ SHERIFF

 6  miles necessary travel from Law and Justice Center to place of service
of within named person and return,

$ .50 per mile . . . . . . . . . . . $ 3.00  By___MCSP DEPUTY ROBERT FREYMANN - ID # 9215

Return . . . . . . . . . . . . . . . $ 14.00

TOTAL . . . . . . . . . . . . . . . $ 67.00

ATTACHMENTS:

This is the original return of service
This is not a bill.

|||||||||||||||||||||||||
**621769**

Page 1    of 1

Return Date: No return date scheduled
Hearing Date: 7/23/2019 10:00 AM - 10:00 AM
Courtroom Number: 2410
Location: District 1 Court
        Cook County, IL

Hearing Date: 7/23/2019 10:00 AM - 10:00 AM
Courtroom Number: 2410
Location: District 1 Court
        Cook County, IL

FILED
3/25/2019 1:14 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH03821

FILED DATE: 4/12/2019 8:17 AM  2019CH03821
FILED DATE: 3/25/2019 1:14 PM  2019CH03821

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |

Summons - Alias Summons                                     **(08/01/18) CCG 0001 A**

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Anna Abraham, Mark Anderson Ronald Drake

Laverne Gallant, Edgell Justin, and
Cynthia Oliver (Name all parties)
           v.

State Farm Mutual Automobile Insurance
                Company

Case No.   2019CH03821

Please Serve: State Farm Mutual Automobile Insurance Company
One State Farm Plaza
Bloomington, IL 61710

✓ **SUMMONS**    ☐ **ALIAS SUMMONS**

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance and pay the required fee **within thirty (30) days after service of this Summons**, not counting the day of service. To file your answer or appearance you need access to the internet. Please visit www.cookcountyclerkofcourt.org to initiate this process. Kiosks with internet access are available at all Clerk's Office locations. Please refer to the last page of this document for location information.

**If you fail to do so, a judgment by default may be entered against you for the relief requested in the complaint.**

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**

cookcountyclerkofcourt.org

Page 1 of 3

Summons - Alias Summons                 (08/01/18) CCG 0001 B

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp, or talk with your local circuit clerk's office.

FILED DATE: 4/12/2019 8:17 AM  2019CH03821
FILED DATE: 3/25/2019 1:14 PM  2019CH03821

Atty. No.: 34227

Atty Name: Stevens & Chan Chartered

Atty. for: Plaintiffs

Address: 200 W Superior St., Suite 410

City: Chicago

State: IL    Zip: 60654

Telephone: 312-786-1257

Primary Email: chan@stevens-law.com

Witness: _____ 3/25/2019 1:14 PM DOROTHY BROWN

DOROTHY BROWN, Clerk of Court

Date of Service: _____
(To be inserted by officer on copy left with Defendant or other person):

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org

FILED DATE: 4/12/2019 8:17 AM  2019CH03821

FILED DATE: 3/25/2019 1:14 PM  2019CH03821

# CLERK OF THE CIRCUIT COURT OF COOK COUNTY OFFICE LOCATIONS

Richard J Daley Center
50 W Washington
Chicago, IL 60602

District 2 - Skokie
5600 Old Orchard Rd
Skokie, IL 60077

District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

District 4 - Maywood
1500 Maybrook Ave
Maywood, IL 60153

District 5 - Bridgeview
10220 S 76th Ave
Bridgeview, IL 60455

District 6 - Markham
16501 S Kedzie Pkwy
Markham, IL 60428

Domestic Violence Court
555 W Harrison
Chicago, IL 60607

Juvenile Center Building
2245 W Ogden Ave, Rm 13
Chicago, IL 60602

Criminal Court Building
2650 S California Ave, Rm 526
Chicago, IL 60608

## Daley Center Divisions/Departments

Civil Division
Richard J Daley Center
50 W Washington, Rm 601
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

Chancery Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

Domestic Relations Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

Civil Appeals
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

Criminal Department
Richard J Daley Center
50 W Washington, Rm 1006
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

County Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

Probate Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

Law Division
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

Traffic Division
Richard J Daley Center
50 W Washington, Lower Level
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org