IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANNA ABRAHAM, et al., | ) |
| Plaintiffs, | ) Case No. 19-cv-3028 |
| v. | ) Judge Robert M. Dow, Jr. |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

The remaining Plaintiffs in this case—Mark Anderson, Laverne Gallant, and Cynthia Oliver ("Plaintiffs")—bring suit against Defendant State Farm Mutual Automobile Insurance Company ("Defendant" or "State Farm") for "failure to comply with a uniform legal standard" concerning the payment of personal injury protection ("PIP") claims within 30 days. [1-1] at 4.[1] Currently before the Court is Defendant's motion to dismiss the complaint for failure to state a claim [34]. For the following reasons, the motion to dismiss [34] is granted. The complaint [1-1] is dismissed in full. Plaintiffs are given until April 28, 2021 to file a motion for leave to file a first amended complaint, if they believe they can do so consistent with this opinion and Rule 11. A copy of the proposed first amended complaint must be attached to the motion. If no motion is filed

---

[1] The parties filed a stipulation agreeing to dismiss Anna Abraham, Justin Edgell, and Lutyshia Emerson as plaintiffs from the case. See [45] at 1. Counsel further stipulated that "Oliver proceeds in this lawsuit only in her capacity as a State Farm policyholder, and not (as before) as both a policyholder and a claimant." See *id*. As a result of these stipulations, the governing complaint [1-1] no longer contains a claim that State Farm's "*We're investigating* letters" impeded the fair processing of Plaintiffs' PIP claims. See [46] at 1 (letter from counsel concerning recent developments in case). The only remaining claim is Plaintiffs Anderson, Drake, Gallant, and Oliver's claim alleging, as policyholders, that State Farm's "*We're investigating* letters" (described below) diminished the value of their policies. See *id*. In addition, Ronald Drake is named as a Plaintiff but is not included in either of the two proposed classes set forth in the complaint. See [1-1]. He also is not listed on the docket sheet as a plaintiff. To the extent that Plaintiffs intended to include him in this action, Drake is dismissed for failure to state a claim.

by the specified date, the Court will convert this dismissal into a dismissal with prejudice, enter a final judgment, and terminate the action.

## I. Background

The following facts are drawn from the governing complaint [1-1]. All well-pled facts are assumed to be true for purposes of Defendant's motion to dismiss. See *White v. United Airlines, Inc.*, 987 F.3d 616, 620 (7th Cir. 2021).

This proposed class action complaint was removed from Cook County Circuit Court pursuant to the Class Action Fairness Act ("CAFA"). Plaintiffs seek class-wide declaratory relief and, in the alternative, injunctive relief, for Defendant's alleged "failure to comply with a uniform legal standard under which the defendant must provide to its insureds a meaningful written explanation, within the statutory 30-day deadline of each affected state's Personal Injury Protection statute, of (i) its inability or purported inability to complete its investigation of a given Personal Injury Protection claim within that statutory 30-day deadline, and (ii) withholding of payment of benefits for a given Personal Injury Protection claim within that same statutory 30-day deadline." [1-1] at 4.

The proposed class action originally was brought on behalf of two proposed classes, the first consisting of PIP claimants and the second consisting of all of Defendant's "current auto insurance policyholders" in Delaware, Florida, Hawaii, Kansas, Kentucky, Massachusetts, Michigan, New York, North Dakota, Oregon, Pennsylvania, Texas, and Utah, which Plaintiffs refer to as "the PIP states." See [1-1] at 7. Pursuant to the parties' stipulations, see footnote 1, *supra*, only the second proposed class remains in the case, with Anderson, Gallant, and Oliver the only remaining named Plaintiffs. These Plaintiffs are all residents of Michigan.

The complaint alleges that "[u]nder the laws of each of the PIP states, a PIP insurer presented with a claim for PIP benefits—typically in the form of a medical bill—must either:

- Pay all or part of the claim;

- Advise the claimant in writing, within 30 days of the insurer's receipt of the claim, that further, specified information or verification is required in order to process the claim; or

- Advise the claimant in writing, within 30 days of the insurer's receipt of the claim, that all or part of the claim is denied.

According to the complaint, these "legal standards … are uniform throughout the PIP states." [1-1] at 8. (The complaint does not, however, cite any legal authorities from any of the PIP states.)

The complaint describes two form letters that are purportedly sent by Plaintiff in response to medical-expense-related PIP claims (though none of the remaining Plaintiffs allege to have ever submitted such a claim). The first form letter states: "This matter is presently under investigation and as soon as a determination has been made, you will be notified." [1-1] at 9. The second reads: "Based on our investigation of the claim to date, there is a question as to whether this treatment is reasonable and necessary as a result of injuries sustained in [the auto accident in question]. Consideration for reimbursement of benefits will be made after a complete investigation of your claim." *Id*. The complaint refers to these two standard form letters as "*We're investigating* letters." See *id*. The complaint alleges that the *We're investigating* letters "do not meet, and in fact violate, the legal requirements for handling PIP claims in the PIP states." *Id*. at 10. "By deploying the standardized form letters," Plaintiffs allege, "State Farm arrogates to itself an open-ended window in which to complete its investigation and communicate a coverage determination," avoiding the 30-day deadlines purportedly set out in the laws of each PIP state. The complaint asserts that State Farm's alleged wrongful practices have "unilaterally diminished the value of the auto policies

3

(and, more particularly, the Personal Injury Protection coverage) that it sold and issued to" Anderson, Gallant, and Oliver. *Id*. at 11.

Count I of the complaint is for declaratory relief. It does not specify what, in particular, Plaintiffs wish the Court to declare. Count II, advanced in the alternative, is for injunctive relief and seeks an order prohibiting Defendant from using the *We're investigating* letters.

## II. Legal Standard

Federal Rule of Civil Procedure 8(a)(2) provides that, to state a claim for relief, a complaint "must contain … a short and plain statement of the claim showing that the pleader is entitled to relief." "The questions under [this rule] are whether the defendant has fair notice of what he must defend himself against and whether there is some reason to believe he could be found liable at the end of the case." *Williams v. Dart*, 967 F.3d 625, 638 (7th Cir. 2020). Although "a complaint need not identify legal theories," it "nonetheless must allege some facts that support whatever theory the plaintiff asserts" in response to a motion to dismiss. *Lavalais v. Village of Melrose Park*, 734 F.3d 629, 635 (7th Cir. 2013) (affirming dismissal of complaint for failure to state a claim where plaintiff alleged that he "may assert a hostile work environment claim even though he did not assert such a claim in his complaint," because "[n]othing in [his] amended complaint … fairly suggests a hostile work environment"). That is, "a plausible claim must include 'factual content' sufficient to allow the court 'to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Charleston v. Board of Trustees of University of Illinois at Chicago*, 741 F.3d 769, 772 (7th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009))).

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must allege facts which, when taken as true, "'plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level.'" *Cochran v. Illinois State Toll Highway Auth.*, 828 F.3d 597, 599 (7th

Cir. 2016) (quoting *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007)). For purposes of a motion to dismiss under Rule 12(b)(6), the Court "'accept[s] as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff.'" *Calderon-Ramirez v. McCament*, 877 F.3d 272, 275 (7th Cir. 2018) (quoting *Kubiak v. City of Chicago*, 810 F.3d 476, 480-81 (7th Cir. 2016)). However, this "tenet … is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678, which "can [be] reject[ed] at the motion to dismiss stage." *Dix v. Edleman Financial Services, LLC*, 978 F.3d 507, 514 (7th Cir. 2020).

The Court reads the complaint and assesses its plausibility as a whole. See *Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011). The Court may also consider "documents that are attached to the complaint, documents that are central to the complaint and are referred to in it, and information that is properly subject to judicial notice." *O'Brien v. Village of Lincolnshire*, 955 F.3d 616, 621 (7th 2020). In opposing a Rule 12(b)(6) motion, a plaintiff is "free to 'elaborate on his factual allegations so long as the new elaborations are consistent with the pleadings.'" *Peterson v. Wexford Health Sources, Inc.*, 986 F.3d 746, 753 n.2 (7th Cir. 2021) (quoting *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012)).

**III. Analysis**

Defendant moves to dismiss on several bases, including (1) failure to state a claim, (2) the *Wilton Brillhart* abstention doctrine, and (3) the filed rate doctrine. The Court finds the first argument dispositive. It is therefore unnecessary for the Court to consider the application of any abstention doctrines or affirmative defenses such as the filed rate doctrine. See *Gunn v. Continental Casualty Co.*, 968 F.3d 802, 806 (7th Cir. 2020) (filed rate doctrine is an affirmative defense).

The complaint does not identify any particular legal theories or cite to any statutes or other sources of legal authority. This, standing alone, does make the complaint deficient because "'Plaintiffs need only plead facts, not legal theories, in their complaints.'" *R3 Composites Corp. v. G&S Sales Corp.*, 960 F.3d 935, 941 (7th Cir. 2020) (quoting *Reeves ex rel. Reeves v. Jewel Food Stores, Inc.*, 759 F.3d 698, 701 (7th Cir. 2014)). Thus, a complaint is not subject to dismissal under Rule 12(b)(6) simply for failing to specify a legal theory or for identifying an incorrect legal theory. See *BRC Rubber & Plastics, Inc. v. Continental Carbon Corp.*, 900 F.3d 529, 543 n.36 (7th Cir. 2018). A plaintiff also is not precluded from opposing summary judgment, see *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014), *Estate of Perry v. Wenzel*, 872 F.3d 439 (7th Cir. 2017), or having a class certified, see *Beaton v. SpeedyPC Software*, 907 F.3d 1018, 1024 (7th Cir. 2018), based on a legal theory that was not specifically identified in the complaint.

Plaintiffs emphasize that the federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 11 (2014); see [40] at 7. But the problem with the complaint here is not a pleading imperfection; it is an apparent lack of any cognizable legal theory upon which the Court could grant relief to Plaintiffs. A complaint will not survive a motion to dismiss unless it alleges facts that support a plausible inference that the plaintiff will be able "'to sustain recovery under *some* viable legal theory.'" *Reapers Hockey Ass'n, Inc. v. Amateur Hockey Ass'n Illinois, Inc.*, 412 F. Supp. 3d 941, 946 (N.D. Ill. 2019) (quoting *Bell Alt. Corp. v. Twombly*, 550 U.S. 544, 562 (2007)) (emphasis added). Declaratory relief and injunctive relief are not stand-alone legal claims; rather, they are remedies that depend on the existence of underlying adverse legal interests and a meritorious legal claim. Cf. *Amling v. Harrow Industries LLC*, 943 F.3d 373, 377 (7th Cir. 2019) (declaratory judgment action, to be justiciable, must concern "a 'definite and

6

concrete,' 'real and substantial' dispute that 'touches the legal relations of parties having adverse legal interests'" (quoting *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007))); *City of Chicago v. Barr*, 961 F.3d 882, 893 (7th Cir. 2020) ("The standard for preliminary injunctive relief requires only a showing of a likelihood of success on the merits, whereas permanent relief requires a determination on the merits.").

Plaintiffs argue that the complaint raises a "real and concrete" dispute because it "targets a specific practice (Defendant's use of its *We're investigating* letters)," it "explains why the practice is unlawful," and it "petitions this Court to either effectively end the practice through declaratory relief, or directly end it through injunctive relief." [40] at 7. It is true that Plaintiffs purport to explain why Defendant's use of the *We're investigating* letters is unlawful—it allegedly violates the "uniform legal standard" that Plaintiffs insist applies in all of the PIP states. See [1-1] at 4, 8. However, this is a legal conclusion that the Court is free to reject at the motion to dismiss stage. See *Iqbal*, 556 U.S. at 678; *Dix*, 978 F.3d at 514; *McCauley v. City of Chicago*, 671 F.3d 611, 617 (7th Cir. 2011) ("alleged 'facts' [that] are actually legal conclusions … may be disregarded on a motion to dismiss"). The Court will reject this conclusion because Plaintiffs fail to identify—and the Court has not independently found[2]—any statute, regulation, contract, or other source of legal authority that would make the alleged "uniform legal standard" binding on Defendant or otherwise prohibit Defendant from using its *We're investigating* letters.

---

[2] If, for example, this case was brought by a *pro se* plaintiff alleging that the police punched him during an arrest, the Court could easily discern without assistance from the parties that the plaintiff intended to bring a Section 1983 claim for excessive force in violation of the Fourth Amendment to the United States Constitution. The Court deals with such claims every day. Plaintiffs here, by contrast, rely on vague "uniform legal standards" and unspecified state statutes—none from Illinois, where this Court sits—governing the insurance industry. Plaintiffs are represented by a law firm and have four attorney appearances on file. If Plaintiffs' claim relies on any viable legal theory, Plaintiffs' counsel should be able to explain the theory much more clearly than they have done thus far.

In response to the motion to dismiss, Plaintiffs cite a single statute, from Michigan, which provides that:

> (1) Personal protection insurance benefits are payable as loss accrues.
>
> (2) Subject to subsection (3), personal protection insurance benefits are overdue if not paid within 30 days after an insurer receives reasonable proof of the fact and of the amount of loss sustained. Subject to subsection (3), if reasonable proof is not supplied as to the entire claim, the amount supported by reasonable proof is overdue if not paid within 30 days after the proof is received by the insurer. Subject to subsection (3), any part of the remainder of the claim that is later supported by reasonable proof is overdue if not paid within 30 days after the proof is received by the insurer. For the purpose of calculating the extent to which benefits are overdue, payment must be treated as made on the date a draft or other valid instrument was placed in the United States mail in a properly addressed, postpaid envelope, or, if not so posted, on the date of delivery.
>
> (3) For personal protection insurance benefits under section 3107(1)(a), if a bill for the product, service, accommodations, or training is not provided to the insurer within 90 days after the product, service, accommodations, or training is provided, the insurer has 60 days in addition to 30 days provided under subsection (2) to pay before the benefits are overdue.
>
> (4) An overdue payment bears simple interest at the rate of 12% per annum.

M.C.L.A. 500.3142.

There is nothing in this statute that sets out any standards for PIP insurers' written explanations of their coverage determinations. In particular, the statute does not purport to require an insurer to "provide … a meaningful written explanation [within 30 days]" of "(i) its inability or purported inability to complete its investigation of a given Personal Injury Protection claim within that statutory 30-day deadline, [or] (ii) withholding of payment of benefits for a given Personal Injury Protection claim within that same statutory 30-day deadline." [1-1] at 4. Nor do Plaintiffs cite any precedent or other authority suggesting any reason why the Court should read these alleged "uniform legal standards" into Michigan's or any other state's PIP statute.

8

To the extent that Plaintiffs intend to rely on M.C.L.A. 500.3142 rather than a purported "uniform legal standard," the facts alleged do not plausibly suggest that the statute was violated. The only Plaintiffs remaining in the case are suing as policyholders, not claimants, see [46] at 1; thus Plaintiffs do not allege that the made any benefits claims that would be subject to § 500.3142, which governs when PIP claim payments are due. Finally, Plaintiffs' intention to proceed on a "diminished value of the policy" theory does not change the Court's conclusion that Plaintiffs fail to state a claim upon which relief may be granted. Plaintiffs' expressed intent adverts to a measure of alleged damages, not a freestanding claim. Plaintiffs have offered no legal authority suggesting that this provides some alternative route to hold insurers liable for violation of any "uniform legal standards," M.C.L.A. 500.3142, or any comparable statutes in the PIP states.

In sum, the Court recognizes that pleading standards are liberal and Plaintiffs are not required to tie themselves down to a particular legal theory in their complaint. However, the Court cannot allow a claim to proceed where there appears to be no "viable legal theory" under which Plaintiffs could prevail at the end of the day. *Reapers Hockey Ass'n*, 412 F. Supp. 3d at 946. The Court cannot order Defendant to stop sending its *We're investigating* letters simply because Plaintiffs think they are unfair, or as a matter of some vague "imperative of interpreting … statute[s] in a liberal, pro-insured manner" or "imperative of good faith and fair dealing." [40] at 11. *Some* viable legal theory is required; otherwise, what is the purpose of a motion to dismiss for failure to state a claim upon which relief may be granted? Yet the absence of an articulated legal theory to date does not necessarily mean that none exists. Accordingly, in an abundance of caution, the Court will offer Plaintiffs one final opportunity to file a motion for leave to amend.

**IV.  Conclusion**

For these reasons, Defendant's motion to dismiss [34] is granted. The complaint [1-1] is dismissed in full. Plaintiffs are given until April 28, 2021 to file a motion for leave to file a first amended complaint if they believe they can do so consistent with this opinion and Rule 11. A copy of the proposed first amended complaint must be attached to the motion. If no motion is filed by the specified date, the Court will convert this dismissal into a dismissal with prejudice, enter a final judgment, and terminate the action.

Dated: March 31, 2020

                                                Robert M. Dow, Jr.
                                                United States District Judge