**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MARK ANDERSON, LAVERNE GALLANT, and CYNTHIA OLIVER, individually and on behalf of other similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 19-cv-3028<br><br>Judge Robert M. Dow, Jr. |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiffs' motion for leave to file an amended complaint [48]. Defendant opposes the motion, arguing that the proposed amended complaint [see 48-1] suffers from the same fatal flaws as the original complaint. For the reasons set forth below, Plaintiffs' motion [48] is denied. Because all other claims in this case have been resolved pursuant to a settlement [see 47], the denial of leave to amend effectively ends this case. A final judgment in favor of Defendant and against Plaintiffs Anderson, Gallant, and Oliver will be entered consistent with Federal Rule of Civil Procedure 58. Civil case terminated.

**I.     Background**

Named Plaintiffs Mark Anderson, Laverne Gallant, and Cynthia Oliver, hold auto insurance policies with defendant State Farm Mutual Automobile Insurance Company. [48-1 at ¶ 3.] They are Michigan residents, though their proposed class consists of State Farm policyholders

in 13 states: Delaware, Florida, Hawaii, Kansas, Kentucky, Maryland, Massachusetts, Michigan, New York, Oregon Pennsylvania, Texas, and Utah. [*Id.* at ¶ 2.] Defendant is an Illinois corporation. [*Id.* at ¶ 4.]

The proposed amended complaint seeks to challenge the way in which State Farm processes and administers its personal injury protection ("PIP") insurance coverage. Plaintiffs assert that in each of the 13 states represented by its putative class, State Farm is required by law to "take some form of meaningful action within 30 days" of receiving an insured's claim for PIP coverage. [*Id.* at ¶ 12.] According to the proposed complaint, when State Farm receives a claim for PIP benefits, it must do one of the following: (a) "Pay all or part of the claim"; (b) "Advise the claimant in writing, within 30 days of the insurer's receipt of the claim, that further, specified information or verification is required in order to process the claim"; or (c) "Advise the claimant in writing, within 30 days of the insurer's receipt of the claim, that all or part of the claim is denied." [*Id.* at ¶ 13.] Plaintiffs maintain that these legal standards are "uniform throughout the PIP states." [*Id.* at ¶ 15.] Plaintiffs assert that State Farm's process for handling PIP claims violates each of the 13 states' PIP laws. In particular, Plaintiffs take issue with the way State Farm notifies claimants that their claim is under investigation.

Plaintiffs allege that "State Farm has adopted the widespread practice of responding to medical-expense-related PIP claims with a standardized form letter,"—referred to at times in the complaint as a "*We're investigating*" letter—which states "in pertinent part (and either verbatim or in substance), as follows: 'This matter is presently under investigation and as soon as a determination has been made, you will be notified.'" [48-1 at ¶ 21.] In some scenarios, State Farm responds to claimants with a different, but "substantially identical form letter," which reads: "Based on our investigation of the claim to date, there is a question as to whether this treatment is

reasonable and necessary as a result of injuries sustained in [the auto accident in question]. Consideration for reimbursement of benefits will be made after a complete investigation of your claim." [48-1 at ¶ 22.] Plaintiffs assert that these form letters "do not meet, and in fact violate, the legal requirements for handling PIP claims in the PIP states." [48-1 at ¶ 23.] Specifically, "[b]y deploying the standardized form letters[,] *** State Farm arrogates to itself an open-ended window in which to complete its investigation and communicate a coverage determination." [*Id.* at ¶ 25.] "In this way," Plaintiffs continue, "State Farm avoids (and effectively repeals)" each of the 13 states' PIP claims processing laws. [*Id.*] In Plaintiffs' view, State Farm's contravention of these laws subjects claimants to "unreasonable delay" [*id.* at ¶ 26] and results in "State Farm prejudic[ing] the ability of the claimant and his or her care provider to assess and, if appropriate, contest the company's withholding of payment in a meaningful way, on a level playing field." [*Id.* at ¶ 27.]

This action began by Plaintiffs filing a proposed class action complaint in Cook County Circuit Court pursuant to the Class Action Fairness Act ("CAFA"). [See 1-1.] Defendant removed the case to this court [1] and eventually filed a motion to dismiss the complaint for failure to state a claim [34], which the Court ultimately granted [47]. While the motion to dismiss was pending, a partial settlement was reached as to certain Plaintiffs and certain claims [see 46]. Only a single claim for diminution of value remained at issue at the time of the Court's ruling. Consistent with the Court's dismissal order [see 47 at 10], Plaintiffs timely filed the instant motion for leave to file a first amended complaint [48].

## II.    Legal Standard

Federal Rule of Civil Procedure 15(a) provides that if a party is not entitled to amend a pleading as a matter of course, it may amend "with the opposing party's written consent or the

court's leave." The court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "However, this right is not absolute and is appropriately denied when, among other reasons, the amendment would be futile." *Brunt v. Serv. Emps. Int'l Union*, 284 F.3d 715, 720 (7th Cir. 2002). An amendment is futile when it "merely restates the same facts using different language, or reasserts a claim previously determined"; when it "fails to state a valid theory of liability"; or when it "could not withstand a motion to dismiss." *Bower v. Jones*, 978 F.2d 1004, 1008 (7th Cir. 1992) (citations and internal quotation marks omitted). Ultimately, though, "'the decision to grant or deny a motion to file an amended pleading is a matter purely within the sound discretion of the district court.'" *Aldridge v. Forest River, Inc.*, 635 F.3d 870, 875 (7th Cir. 2011) (quoting *Brunt*, 284 F.3d at 720).

## III. Analysis

The proposed amended complaint is futile because again Plaintiffs fail to state a viable theory of liability. The revised complaint contains only modest modifications from the original complaint and does not address the substantive issues that the Court identified in its prior order granting Defendant's motion to dismiss [see 47]. Although Plaintiffs have sprinkled citations to legal authority throughout their proposed amended complaint, a key defect remains: Plaintiffs have failed to plead a legally cognizable claim that they have standing to pursue.

Plaintiffs assert that each of the 13 states' laws impose a duty on State Farm to investigate claims for PIP benefits "fairly and reasonably" [see 48-1 at ¶ 16], and that by sending claimants the "*We're investigating*" letters, State Farm fails to comply with its duties under the law. Compared to the original complaint, this time Plaintiffs cite to multiple state laws requiring insurance companies to pay out PIP benefits within 30 days after the claimant has provided the company with proof of the claimant's loss, [see *id.* at ¶ 12], and several state court cases purporting

4

to establish that "it is essentially axiomatic that when an insurer withholds payment of a claim, it owes its insured a prompt and meaningful explanation of its position" [*id.* at ¶ 15].

The Court need not analyze the laws from each of the 13 states to determine whether they all do, in fact, impose such duties on insurers, because even if (a) all 13 states have laws of this nature and (b) Plaintiffs have accurately paraphrased the rights that those laws give PIP claimants within each state [see *id.* at ¶¶ 13, 35, 52], Plaintiffs claims nonetheless fail because they have not alleged any facts to show that State Farm violated those rights.  To the contrary, Plaintiffs' proposed class consists only of State Farm's "current auto insurance policyholders in Delaware, Florida, Hawaii, Kansas, Kentucky, Maryland, Massachusetts, Michigan, New York, Oregon, Pennsylvania, Texas, and Utah." [*Id.* at ¶ 2.]  None of the named plaintiffs alleges to ever have submitted a claim for PIP benefits, nor is any member of the proposed class alleged to have requested PIP benefits from State Farm and suffered the alleged "unreasonable delay" that forms the basis of the complaint.

Moreover, Plaintiffs cite no controlling authority in support of the proposition that they have standing to complain about Defendants' handling of PIP claims that they admittedly have never made.  In their opening brief, Plaintiffs cite *Pennsylvania Chiropractic Ass'n v. Blue Cross Blue Shield Ass'n*, 2011 WL 6819081, at *15 (N.D. Ill. Dec. 28, 2011), but as Defendant points out, that case involved specific transactions between medical providers and an insurance company regarding the payment of allegedly erroneous medical expenses.  In other words, the plaintiff there had submitted a claim.  In their reply brief, Plaintiffs cite a 1994 decision of the Alabama Supreme Court, *Boswell v. Liberty Nat'l Life Ins. Co.*, 643 So.2d 580 (Ala. 1994), and federal decisions from 2003, *Horvath v. Keystone Health Plan East, Inc.*, 333 F.3de 450 (3d Cir. 2003), and 2009, *Gooch v. Life Investors Ins. Co. of Amer.*, 264 F.R.D. 340 (M.D. Tenn. 2009), in support of their

theory that a plaintiff need not demonstrate actual harm to establish standing to seek injunctive relief on claims that a defendant has violated statutorily-imposed obligations. But the Court does not believe that these non-binding authorities can carry the day after the Supreme Court's decision in *Spokeo, Inc. v. Robins,* 136 S. Ct. 1540, 1548 (2016), which held that plaintiffs must allege that they have suffered an injury that is concrete, particularized, and actual or imminent, not conjectural or hypothetical.

It is also worth noting for the sake of completeness that even if Plaintiffs were claimants, the action would be no more viable, because Plaintiffs have not alleged any facts to suggest that State Farm has engaged in any misconduct under the law. "[A] plausible claim must include 'factual content' sufficient to allow the court 'to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Charleston v. Bd. of Trs. of Univ. of Ill. at Chi.*, 741 F.3d 769, 772 (7th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Plaintiffs' proposed complaint contains no such factual content. Instead, the complaint alleges only that upon receipt of a claim for PIP benefits, State Farm first sends a form letter, "ostensibly sent in compliance with the applicable 30-day statutory deadline." [48-1 at ¶ 21.] It says nothing about whether, at the point when State Farm sends these letters, it has the proof it needs from the claimant—thus starting the window within which State Farm must resolve the claim—nor does the complaint allege any facts about the amount of time it takes State Farm to make its final determination and to communicate that decision to the claimant. Instead, the facts alleged establish only that sometime within 30 days of a claimant submitting a claim for PIP benefits, State Farm mails a form letter to the claimant informing him that his claim is pending.

The relief sought by Plaintiffs similarly demonstrates the flaws of their proposed complaint. Plaintiffs clarified from the original complaint that the relief they seek from the Court is a declaratory judgment stating, in essence, that State Farm's use of the "*We're investigating*"

letters is unlawful, and by engaging in such practices, "State Farm has unilaterally diminished the value of the auto policies." [48-1 at ¶ 41.]  As the Court explained in its prior decision, an action for declaratory judgment must be premised on a real case or controversy as much as any other federal court action. [See 47 at 6 (citing *Amling v. Harrow Industries LLC*, 943 F.3d 373, 377 (7th Cir. 2019).]  With no legally cognizable claim, Plaintiffs have no vehicle for seeking declaratory relief.  Plaintiffs' alternative claim for injunctive relief also fails, as an injunction turns on an evaluation of the merits of a plaintiff's claim.  See *City of Chi. v. Barr*, 961 F.3d 882, 893 (7th Cir. 2020) ("The standard for preliminary injunctive relief requires only a showing of a likelihood of success on the merits, whereas permanent relief requires a determination on the merits.").

## IV.    Conclusion

For the foregoing reasons, the Court denies Plaintiffs' motion for leave to file an amended complaint [48].  A final judgment in favor of Defendant and against Plaintiffs Anderson, Gallant, and Oliver will be entered consistent with Federal Rule of Civil Procedure 58.  Civil case terminated.

Dated: December 16, 2021

Robert M. Dow, Jr.
United States District Judge